**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

No. 96-10862

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

VOLO ALAN NELSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
For the Northern District of Texas
(6:94-CR-016)
_____

November 11, 1997

Before JOLLY, DAVIS, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Volo Alan Nelson appeals the sentence he received after he pled guilty to one count of aiding or assisting the filing of false or fraudulent federal income tax returns. For the reasons set forth below, we affirm.

Nelson was charged in a 38-count indictment with aiding or assisting the filing of false or fraudulent federal income tax

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

returns in violation of 26 U.S.C. § 7206(2).  Pursuant to a plea agreement, he pled guilty to Count I of the indictment.  Applying the 1995 Sentencing Guidelines, the district court sentenced him to a 24-month term of imprisonment and a one-year term of supervised release.  The court also imposed a $3,000 fine and a $50 special assessment.  On appeal, Nelson contends that the district court's application of the 1995 Guidelines violated the *Ex Post Facto* Clause because he would have received a lesser prison sentence under the 1989 Guidelines, in effect at the time he committed his offense.

We are precluded from reaching the merits of Nelson's claim. Nelson's plea agreement contained a provision waiving his right to appeal his sentence either on direct appeal or in a post-conviction proceeding except where his sentence exceeded the statutory maximum or constituted an upward departure.  Even if we were to agree with Nelson that the waiver in his plea agreement is invalid, we would still conclude that Nelson has waived his right to challenge the district court's application of the 1995 Sentencing Guidelines.

Prior to sentencing, Nelson adopted the findings of the Presentence Report ("PSR") prepared in his case, which applied the 1995 Sentencing Guidelines.  At his sentencing hearing, Nelson indicated that he adopted the PSR's application of the 1995 Guidelines because "the '89 guidelines have a two-level enhancement that [is] not in the present '95 guidelines, so they come out

identical." By adopting the PSR's application of the 1995 Guidelines, Nelson expressly waived his right to appeal the application of those Guidelines. "Waiver, the 'intentional relinquishment or abandonment of a known right,' is distinguishable from forfeiture, the 'failure to make the timely assertion of a right.'" *United States v. Calverley*, 37 F.3d 160, 162 (5th Cir. 1994) (en banc). Unlike forfeited errors, which are reviewed for plain error, waived errors are "entirely unreviewable." *United States v. Musquiz*, 45 F.3d 927, 931 (5th Cir. 1995).

AFFIRMED.